Filed 11/4/20  P. v. Black CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ROBERT BLACK JR.,<br><br>　　　Defendant and Appellant. | B303307<br><br>(Los Angeles County<br>Super. Ct. No. SA061811) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Leslie E. Brown, Judge.  Dismissed.

　　　　Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

_____

# INTRODUCTION

Robert Black Jr. appeals from a postjudgment order denying his motion for resentencing under Senate Bill No. 136. We dismiss the appeal.

# PROCEDURAL BACKGROUND

On January 10, 2007 a jury convicted Black of first degree burglary (Pen. Code, § 459).[1]  He admitted that he had two prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(j), 1170.12), that he had two prior serious felony convictions within the meaning of section 667, subdivision (a)(1), and that he served three prior separate prison terms within the meaning of section 667.5, subdivision (b). The trial court sentenced Black to an aggregate prison term of 38 years to life.  He appealed, and this court affirmed.  (*People v. Black* (Aug. 27, 2008, B197340) [nonpub. opn.].)

In October 2019 the Legislature enacted Senate Bill No. 136 (Stats. 2019, ch. 590, § 1), which amended section 667.5, subdivision (b), effective January 1, 2020.  The new law limited the applicability of the one-year sentence enhancement for prior prison terms under section 667.5, subdivision (b), to defendants who had served a prison term for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b).  (See *People v. Winn* (2020) 44 Cal.App.5th 859, 871-872; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  The amendment to section 667.5 applies retroactively to defendants

---

[1]     Undesignated statutory references are to the Penal Code.

whose judgments were not yet final as of the statute's effective date. (*People v. Cruz* (2020) 46 Cal.App.5th 715, 739; *People v. Bermudez* (2020) 45 Cal.App.5th 358, 378.)

On November 4, 2019 Black filed a document titled a "Motion/Notice of Motion To Remove 1 Year Prior Prison Term per S.B. 136 as Illegal Sentence of 3 yrs." On November 21, 2019 the superior court denied the motion, ruling that, because Senate Bill No. 136 is "not retroactive," it did not apply to Black's conviction. Black timely appealed.

## DISCUSSION

We appointed counsel to represent Black on appeal. After reviewing the record, counsel filed an opening brief raising no issues. Counsel also sent Black a copy of the opening brief, a copy of the record, and a letter advising Black of his option to file a supplemental brief within 30 days raising any points he chooses to call to the court's attention. On July 27, 2020 we received a six-page letter brief in which Black argued the trial court imposed an illegal sentence.

The superior court did not err in denying Black's motion. Because the judgment in Black's case was final long before Senate Bill No. 136 became effective (see *People v. Lopez* (2019) 42 Cal.App.5th 337, 341-342), the superior court lacked jurisdiction to grant Black relief under Senate Bill No. 136. Where the trial court lacks jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is not appealable, and an appeal from such an order must be dismissed. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084; see *People v. Alexander* (2020) 45 Cal.App.5th 341, 345

[dismissing an appeal from an order denying the defendant's motion to strike enhancements for prior serious felony convictions under Senate Bill No. 1393, which amended section 667 to give trial courts discretion to strike or dismiss such enhancements, because the trial court lacked jurisdiction to grant the motion]; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326-327 [dismissing an appeal from an order denying the defendant's motion to dismiss a firearm enhancement under Senate Bill No. 620, which amended section 12022.5 to give trial courts discretion to strike or dismiss firearm enhancements, because the trial court lacked jurisdiction to grant the motion]; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 [same].)

We have examined the record and are satisfied that Black's appellate attorney has fully complied with his responsibilities and that there are no arguable issues.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The appeal is dismissed.


SEGAL, J.

We concur:


PERLUSS, P. J.                    FEUER, J.

4