Filed 1/29/21  P. v. Combs CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306336 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA098220) |
| v. | |
| KIJOHN LARENZ COMBS, | |
| Defendant and Appellant. | |

THE COURT:

In 2016, defendant Kijohn Larenz Combs was convicted, pursuant to a plea of no contest, of second degree robbery. (Pen. Code, § 212.5, subd. (c).)[1] He admitted to the personal use of a firearm. (§ 12022.53, subd. (b).) The trial court sentenced defendant to 12 years in state prison, comprised of two years for the robbery and 10 years for the firearm enhancement.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

In May 2020, defendant filed a postjudgment motion to modify his sentence by striking the firearm enhancement. He argued that, when his plea was entered in 2016, he did not know that future laws—specifically Senate Bill No. 620 (2017-2018 Reg. Sess.) (SB 620)[2] and Assembly Bill No. 1618 (2019-2020 Reg. Sess.) (AB 1618)[3]—would be enacted that could lessen his punishment.

The trial court summarily denied defendant's motion on the ground that SB 620 does not apply to criminal cases, like defendant's, that were already final on the law's January 1, 2018, effective date. Defendant appealed.

Counsel was appointed to represent defendant in connection with this appeal. After reviewing the record, counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. On October 19, 2020, Defendant filed a supplemental brief.

An order made after judgment is appealable only if it affects a defendant's substantial rights. (§ 1237, subd. (b).) If a trial court lacks jurisdiction to grant the relief requested by a

---

[2]    SB 620, effective January 1, 2018, amended "sections 12022.5 and 12022.53, which set forth firearm enhancements, so that the [trial] court may now, in its discretion, strike the enhancements in the interests of justice." (*People v. Phung* (2018) 25 Cal.App.5th 741, 762–763.)

[3]    AB 1618, effective January 1, 2020, added section 1016.8. That section provides, in part: "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." (§ 1016.8, subd. (b).)

2

defendant, then an order denying the request does not affect the defendant's substantial rights within the meaning of section 1237, subdivision (b). (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326 (*Hernandez*).)

SB 620 and section 1016.8 apply retroactively only to nonfinal judgments. (*Hernandez*, *supra*, 34 Cal.App.5th at p. 326 [SB 620]; *People v. Barton* (2020) 52 Cal.App.5th 1145, 1159 [section 1016.8].) Because defendant's sentence was final before SB 620 and section 1016.8 were enacted, the trial court lacked jurisdiction to grant his motion to modify his sentence under those laws. (See *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.) Thus, the denial of the motion did not affect defendant's substantial rights. (*Ibid.*) As a result, the trial court's order is not appealable, and the appeal must be dismissed. (*Ibid.*)

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____
LUI, P. J.          ASHMANN-GERST, J.          HOFFSTADT, J.

3