Filed 4/15/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SALVADOR HERNANDEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B287551<br>(Super. Ct. No. 2011033571)<br>(Ventura County) |

Salvador Hernandez appeals from the trial court's order denying his motion to strike personal firearm enhancements (Pen. Code,[1] § 12022.5, subds. (a) & (d)) that were imposed pursuant to a judgment that became final before the motion was filed. We conclude the challenged order is not appealable and accordingly dismiss the appeal.

**FACTS AND PROCEDURAL HISTORY**

In October 2016, Hernandez pled guilty to two counts of assault with a semiautomatic firearm (§ 245, subd. (b)). He also admitted that he personally inflicted great bodily injury in committing one of the assaults (§ 12022.7), and personally used a

---

[1] All further statutory references are to the Penal Code.

firearm in committing both offenses (§ 12022.5, subds. (a) & (d)). The trial court sentenced him to nine years in state prison. The sentence includes one consecutive and one concurrent three-year term for the personal firearm use enhancements.

Hernandez appealed his sentence and we affirmed. (*People v. Hernandez* (Aug. 14, 2017, B280231) [nonpub. opn.].) He did not seek further review and the remittitur was issued on November 16, 2017.

On December 15, 2017, Hernandez filed a motion in the trial court seeking to strike the firearm enhancements on the grounds that (1) in accepting his guilty plea the trial court erroneously referred to subdivision (b) of section 12022.5 rather than subdivision (d); and (2) subdivision (d) only applies to assaults with a firearm committed by means of a drive-by shooting. The motion was heard and denied on January 8, 2018. Hernandez filed a timely notice of appeal.

**DISCUSSION**

Hernandez does not challenge the trial court's rulings on either of the claims raised in his postjudgment motion to strike his firearm enhancements. Instead, he contends the matter must be remanded for resentencing pursuant to Senate Bill No. 620, which amended section 12022.5 to give trial courts discretion to strike firearm enhancements in the interests of justice. Although those amendments went into effect shortly before Hernandez's motion was heard, he claims the issue "is preserved for appeal" because "[o]nly after the January hearing[] did the courts decide the retroactivity of the new amendments." He alternatively claims that trial counsel provided ineffective assistance by failing to raise the issue below.

The People respond that the challenged order is not appealable. We agree. "'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' [Citations.]" (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) "An order made after judgment affecting a defendant's substantial rights is appealable. (§ 1237, subd. (b).) However, once a judgment is rendered, except for limited statutory exceptions (§§ 1170.126, 1170.18), the sentencing court is without jurisdiction to vacate or modify the sentence, except pursuant to the provisions of section 1170, subdivision (d). [Citation.] Section 1170, subdivision (d), allows a sentencing court on its own motion to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison. [Citation.] Indeed, 'the court loses "own-motion" jurisdiction if it fails to recall a sentence within 120 days of the original commitment. [Citations.]' [Citation.]" (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 134.)

Judgment was rendered against Hernandez on November 28, 2016. That judgment became final on November 16, 2017. Hernandez filed his motion on December 15, 2017. Because the court lacked jurisdiction to grant the relief requested in Hernandez's motion, the order denying the motion did not affect his substantial rights as contemplated in section 1237, subdivision (b). (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.) The claims raised in the motion also could have been raised on direct appeal from the judgment. (See *People v. Totari* (2002) 28 Cal.4th 876, 882 [recognizing that "ordinarily, no appeal lies from an order denying a motion to vacate a judgment

3

of conviction on a ground which could have been reviewed on appeal from the judgment"].)

Moreover, even assuming that Hernandez did not forfeit his claim regarding Senate Bill No. 620, the new law does not apply retroactivity to cases that became final. (*People v. Johnson* (2019) 32 Cal.App.5th 938.) In contending otherwise, Hernandez relies upon subdivision (c) of section 12022.5, which states: "The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." In emphasizing the reference to "any resentencing," however, Hernandez fails to give effect to the limitation which follows, i.e., that Senate Bill No. 620 applies only to any resentencing "that may occur pursuant to any other law." Because Hernandez has not been resentenced pursuant to any other law, this limited exception is not applicable here.

Hernandez also contends that the failure to apply full retroactivity to Senate Bill No. 620 would result in an equal protection violation. A similar argument was rejected in *In re Kapperman* (1974) 11 Cal.3d 542, 546, in which our Supreme Court stated that statutes lessening the punishment for specific offenses could be limited to prospective application in order "to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written." Senate Bill No. 620 is an example of this principle.

For these reasons, we agree with our colleagues in the Third Appellate District that Senate Bill No. 620 "does not contain language authorizing resentencing of convictions after they became final. And absent any new authority to resentence [Hernandez] under Senate Bill No. 620, the trial court lacked jurisdiction to grant [Hernandez's] resentencing request.

4

[Citation.]  Because the trial court lacked jurisdiction to modify [Hernandez's] sentence, denial of his motion to modify his sentence could not have affected his substantial rights. [Citation.]" (*People v. Fuimaono, supra*, 32 Cal.App.5th at p. 135.)  Accordingly, the appeal must be dismissed.  (*Ibid*.)

## DISPOSITION

The appeal is dismissed.
<u>CERTIFIED FOR PUBLICATION.</u>


TANGEMAN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

Michael Lief, Judge

Superior Court County of Ventura

_____

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.