Filed 9/17/20  P. v. Saad CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT PAUL SAAD,<br><br>    Defendant and Appellant. | B304782<br><br>(Los Angeles County<br>Super. Ct. No. LA089683) |

APPEAL from an order of the Superior Court of Los Angeles County, Thomas Rubinson, Judge.  Appeal dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Defendant and appellant Robert Paul Saad appeals the trial court's order denying his petition for resentencing pursuant to Senate Bill No. 136 (2019–202 Reg. Sess.) (Senate Bill 136). We dismiss the appeal.

PROCEDURAL BACKGROUND

On March 20, 2019, Saad pled no contest to identity theft. (Pen. Code, § 530.5, subd. (a).)[1]  He also admitted suffering two prior convictions within the meaning of section 667.5, subdivision (b).  In accordance with the negotiated disposition, the trial court sentenced Saad to a five-year term, i.e., three years for the offense and two consecutive one-year enhancements pursuant to section 667.5, subdivision (b).  The trial court ordered direct victim restitution in an amount to be determined in a subsequent hearing, as well as various other fines and fees.  On April 30, 2019, it conducted a restitution hearing regarding victim restitution.  Saad did not appeal from the judgment.

On January 1, 2020, Senate Bill 136 went into effect. "Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b), to "limit its prior prison term enhancement to only prior prison terms for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b)." (*People v. Jennings*, at p. 681; *People v. Winn* (2020) 44 Cal.App.5th 859, 871–872.)  Senate Bill 136's amendment

---

[1]     All further undesignated statutory references are to the Penal Code.

to section 667.5 applies retroactively to defendants whose judgments were not yet final as of the statute's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340–342; *People v. Jennings*, at pp. 681–682; *People v. Bermudez* (2020) 45 Cal.App.5th 358, 378.)

On January 7, 2020, acting in propria persona, Saad filed a petition in the trial court "for resentencing of defendant in accordance to Senate Bill 136." On January 8, 2020, the trial court denied the petition, explaining that Senate Bill 136 "applies retroactively only to non-final cases. [Citation.] Defendant Saad was sentenced in this case on March 20, 2019, and did not file an appeal within 60 days of the judgment being rendered. Therefore, his case was final at the time [Senate Bill] 136 was made effective on January 1, 2020. Because his case was already final, defendant Saad is not entitled to relief."

## DISCUSSION

After review of the record, Saad's court-appointed counsel filed an opening brief that raised no issues, and requested that this court conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Appellant was advised that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. We have received no response.

The trial court properly denied Saad's motion because his judgment was final before Senate Bill 136's effective date. A judgment of conviction is final when the time for petitioning the United States Supreme Court for writ of certiorari has expired. (*People v. Lopez, supra*, 42 Cal.App.5th at pp. 341–342.) Here, Saad's judgment was rendered in March 2019 and was final well before Senate Bill 136's effective date.

3

Under these circumstances, the trial court lacked jurisdiction to grant relief, and the appeal must be dismissed. (See *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326–327 [denial of Senate Bill No. 620 motion dismissed where trial court lacked jurisdiction]; *People v. Alexander* (2020) 45 Cal.App.5th 341, 344 [same, in regard to Senate Bill No. 1393 motion; "An order denying a motion the court lacks jurisdiction to grant does not affect a defendant's substantial rights"]; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 [if trial court lacks jurisdiction to rule on motion to vacate or modify sentence, an order denying such a motion is nonappealable, requiring dismissal of appeal].)

We have examined the record, and are satisfied no arguable issues exist and Saad's attorney has fully complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra*, 25 Cal.3d at pp. 441–442.)

DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                              EDMON, P. J.


We concur:




                    EGERTON, J.




                    DHANIDINA, J.