Filed 11/9/20  P. v. Green CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>CLAUDELL GREEN,<br><br>  Defendant and Appellant. | B302461<br><br>(Los Angeles County<br>Super. Ct. No. VA031149) |

APPEAL from an order of the Superior Court of Los Angeles County, Yvonne Sanchez, Judge.  Appeal dismissed.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Claudell Green appeals from two orders denying his postjudgment motions to modify his sentence.  Because the superior court lacked jurisdiction to hear Green's motions, its orders denying the motions are not appealable.  Accordingly, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Green in 1995 of three counts of robbery, two counts of possession of an assault weapon and one count of carjacking and found true several related firearm-use enhancement allegations.  Following several appeals and remands for resentencing, in April 2004 Green was sentenced as a third strike offender to an aggregate indeterminate state prison term of 94 years to life.  A series of unsuccessful postjudgment challenges followed.

On August 5, 2019 and September 17, 2019 Green, representing himself, filed nearly identical motions to correct sentencing error.  He also filed a "Notice of Supplemental Changes to Motion for Sentencing Error."  The superior court denied Green's motions on September 15, 2019 and September 18, 2019, ruling it lacked jurisdiction to modify Green's sentence.  Green appealed both orders.

## DISCUSSION

We appointed counsel to represent Green on appeal.  After review of the record, counsel filed an opening brief in which no issues were raised.  Appellate counsel advised Green he could personally submit a supplemental brief raising any contentions or issues he wished us to consider.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

Between June 9, and June 19, 2020 we received substantially similar typed documents titled "Notice Letter to the Appellate Court," "Notice" and "Notice Addendum Added To The Document Submitted On 5-30-2020" in which Green contended the judge who had presided at his 1995 trial engaged in prohibited factfinding by treating his two prior robbery convictions, which had resulted in concurrent sentences, as separate strikes in violation of *People v. Gallardo* (2017) 4 Cal.5th 120 and *Descamps v. United States* (2013) 570 U.S. 254.

Generally, a trial court has no jurisdiction to resentence a defendant after execution of the sentence has begun. (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) However, the trial court may recall the sentence and resentence a defendant within 120 days of his or her commitment into custody (Pen. Code, § 1170, subd. (d)(1)). In addition, an unauthorized sentence, clerical and computational errors and obvious legal errors that can be remedied without referring to factual findings in the record or remanding for further findings are correctible at any time. (See *People v. Torres* (2020) 44 Cal.App.5th 1081, 1085.) Here, execution of Green's sentence began many years before he filed the motions to modify his sentence, and his claims of error do not fall within any of the exceptions to the court's general lack of resentencing jurisdiction.

If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable; and any appeal from such an order must be dismissed. (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

## DISPOSITION

The appeal is dismissed.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.