Filed 3/8/21  P. v. Gower CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074673 |
| v. | (Super.Ct.No. RIF1802563) |
| SEAN PAUL JOSEPH GOWER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Godofredo Magno and David A. Gunn, Judges. Dismissed.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

Sean Paul Joseph Gower appeals from the trial court's order denying his motion to recall his sentence under Penal Code section 1170, subdivision (d), to enable him to obtain the benefits of Senate Bill No. 136 by removing from his sentence prison prior enhancements though they were imposed under a judgment that became final before the motion was filed. We conclude the challenged order is not appealable and for that reason dismiss the appeal.

I.

FACTS

In June 2018, Gower pleaded guilty to carrying a concealed dirk or dagger and admitted four out of 11 alleged prior prison offenses. In exchange, the court sentenced Gower to five years four months, imposed but suspended execution of four years of that sentence, and granted mandatory supervision after he served the remaining 16 months in county jail.

In September 2019, one year after his release from jail, Gower failed to appear for a status hearing regarding the drug treatment program. Gower admitted to a violation for his failure to appear, which was his third overall violation. The court re-imposed mandatory supervision, but executed the previously suspended sentence and ordered him to serve the balance of his term in jail. He claims he appealed that order directly, but there is no notice of appeal in the record. Therefore, the sentence became final for all purposes in November 2019. (Cal. Rules of Court, rule 8.308.)

2

In January 2020, Gower filed a motion under Penal Code section 1170, subdivision (d)(1), unlabeled statutory citations refer to this code, seeking to recall his sentence. He argued his four one-year prior prison term enhancements should be stricken because they couldn't be imposed under section 667.5, subdivision (b), as amended effective January 1, 2020. The trial court denied the motion.

On February 5, 2020, Gower filed a handwritten notice of appeal. The notice does not state what is being appealed, only that the "[r]easoning is ineffective assistance of counsel." Though the notice does not state which order Gower is appealing, we conclude he is appealing from the order denying his motion to recall his sentence. Gower's brief assumes this is the case, and the People don't argue otherwise. Moreover, when he filed the notice, the time to appeal the court's execution of his sentence had long since passed, and Gower identifies no other order he could be appealing.

II.

ANALYSIS

Gower argues he is entitled to retroactive application of Senate Bill No. 136 and that all four of his one-year prior prison term enhancements must be stricken as unauthorized under the new law. The People argue that because Gower's conviction was final at the time the new law became effective, he is not entitled to its benefits.

We acknowledge there is a difference between a judgment's finality for the purpose of appeal and a criminal conviction's finality for purposes of deciding whether to give retroactive effect to an ameliorative criminal provision. (See e.g. *People v.*

3

*McKenzie* (2020) 9 Cal.5th 40, 47 [noting that "an order granting probation 'is "deemed to be a final judgment" for the limited purpose of taking an appeal therefrom' and 'does not have the effect of a judgment for other purposes.' "].) However, we conclude we can't reach the merits of the dispute because Gower didn't have standing to bring the motion to recall his sentence and the order denying the motion isn't appealable.

The right of appeal is statutory, and a judgment or order is not appealable unless expressly made so by statute. (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326 (*Hernandez*).) Gower didn't appeal the court's order revoking mandatory supervision and executing his sentence, and that order became final for purposes of appeal on November 18, 2019. Instead, his attorney filed a motion seeking to recall his sentence and resentencing him. The trial court denied that motion.

" 'An order made after judgment affecting a defendant's substantial rights is appealable. (§ 1237, subd. (b).) However, once a judgment is rendered, except for limited statutory exceptions (§§ 1170.126, 1170.18), the sentencing court is without jurisdiction to vacate or modify the sentence, except pursuant to the provisions of section 1170, subdivision (d). [Citation.] Section 1170, subdivision (d), allows a sentencing court on its own motion to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison. [Citation.] Indeed, "the court loses 'own-motion' jurisdiction if it fails to recall a sentence within 120 days of the original commitment." ' " (*Hernandez*, *supra*, 34 Cal.App.5th at p. 326.)

4

Due to the timing, we construe Gower's appeal as challenging the denial of his motion for recall and resentencing. He made this motion under the provision allowing a court to recall a sentence on its own motion and resentence a defendant within 120 days of the date of commitment. (§ 1170, subd. (d)(1).) This section also allows certain parties other than the court to initiate recall and resentencing at any time, including the Board of Parole Hearings, the county correctional administrator, or the district attorney. (§ 1170, subd. (d)(1).)

However, section 1170, subdivision(d)(1), does not permit the inmate to move for recall and resentencing. "Section 1170 subdivision (d) does not confer standing on a defendant to initiate a motion to recall a sentence." (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 193.) "Consequently, the courts have uniformly held that an order denying a defendant's request to resentence pursuant to section 1170 subdivision (d) is not appealable as an order affecting the substantial rights of the party . . . because the defendant has no right to request such an order in the first instance." (*Id.* at p. 194, italics omitted.)

It follows that we lack the authority to render a decision on the merits of his claims. (*Hernandez*, *supra*, 34 Cal.App.5th at p. 326.) Accordingly, we dismiss the appeal.

III.

DISPOSITION

We dismiss the appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____

J.

We concur:


CODRINGTON _____

Acting P. J.


RAPHAEL _____

J.