Filed 10/8/21  P. v. O'Neal CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B309902 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA063443) |
| v. | |
| MICHAEL O'NEAL, SR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

Michael O'Neal, Sr., appeals from a postjudgment order denying his motion to vacate or to stay victim restitution and a restitution fine under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). His appellate counsel filed a brief asking this court to proceed under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).[1] We asked for supplemental briefing regarding whether *Dueñas* applied retroactively to O'Neal's sentence, whether his case was final when *Dueñas* was decided, and whether any error in denying the motion was harmless. O'Neal filed a supplemental brief which we have reviewed and considered. As we explain, we now find that the appeal must be dismissed.

---

[1] *People v. Serrano, supra*, 211 Cal.App.4th 496, found that review under *People v. Wende* (1979) 25 Cal.3d 436, does not apply to appeals from orders denying postconviction relief. (Accord, *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278.) *Cole*, at pages 1039 to 1040, held that an appeal from a postconviction order may be dismissed if counsel has found no arguable issues and if the defendant has not filed a supplemental brief. Where the defendant has filed a supplemental brief, the Court of Appeal must evaluate any arguments raised in the brief and issue a written opinion disposing of the trial court's order on the merits. As O'Neal has filed a supplemental brief at our direction, we accordingly review his contentions, without deciding whether *Cole* is correct in part or whole.

Our Supreme Court is currently considering what procedures appointed counsel and the Courts of Appeal should follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit. (*People v. Delgadillo* (Nov. 18, 2020, B304441 [nonpub. opn.]), review granted Feb. 17, 2021, S266305.)

In 2006, O'Neal was convicted of various crimes and sentenced to a 24-year term. As part of his sentence, the trial court imposed a $200 restitution fine (Pen. Code,[2] § 1202.4, subd. (b)) and $2,700 in victim restitution (§ 1202.4, subd. (f)).

In 2008, his judgment of conviction was affirmed on appeal. (*People v. O'Neal* (Feb. 29, 2008, B194332) [nonpub. opn.].)

Thereafter, the trial court improperly modified O'Neal's sentence via a nunc pro tunc order, so we ordered the trial court to conduct a new sentencing hearing at which O'Neal and his counsel had the right to be present. (*In re O'Neal, Sr.* (Nov. 21, 2017, B270878) [nonpub. opn.].) Per our remittitur, we vacated the original 2006 sentence. Accordingly, in March 2018, the trial court resentenced O'Neal to 22 years 4 months and reimposed the original restitution fines and fees.

O'Neal appealed again, and this Division affirmed the judgment. (*People v. O'Neal* (May 31, 2019, B289422 [nonpub. opn.].) The California Supreme Court granted review but dismissed review on June 17, 2020. The remittitur issued on June 24, 2020. It does not appear that O'Neal filed a petition for writ of certiorari in the United States Supreme Court.

On November 16, 2020, O'Neal moved to vacate or eliminate the restitution fine and victim restitution under *Dueñas*, *supra*, 30 Cal.App.5th 1157. *Dueñas*, at page 1164, held that due process requires a trial court to conduct an ability-to-pay hearing and ascertain a defendant's ability to pay before

---

[2] All further undesignated statutory references are to the Penal Code.

executing a restitution fine under section 1202.4.[3]  In his motion, O'Neal argued that he had no ability to pay restitution.  The trial court denied the motion.

O'Neal then filed this appeal.  However, the general rule is that once a judgment is rendered and execution of the defendant's sentence has begun, the trial court lacks jurisdiction to vacate or modify the sentence.  (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.)  Once a defendant's direct appeal has concluded and the judgment is final, a trial court no longer has jurisdiction to correct a sentence.  (*Torres*, at p. 1088.)  If an order denying such a motion is nonappealable, it follows that any appeal from the order must be dismissed.  (*Ibid.*)  Section 1237.2, which contains an exception to the general rule, does not apply when the defendant has filed a motion to correct his sentence *after* his direct appeal concluded.  (*Torres*, at pp. 1087–1088.)

As we have said, the Supreme Court issued its remittitur in June 2020.  O'Neal filed his motion in November 2020, after his direct appeal had concluded and the judgment was final.  We therefore dismiss his appeal.

---

[3] Our Supreme Court is reviewing whether a trial court must consider a defendant's ability to pay before imposing or executing fines or fees and, if so, which party bears the burden of proof.  (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

HILL, J.*

---

\* Judge of the Santa Barbara Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.