Filed 11/8/21  P. v. Jackson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B310720 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA063472) |
| v. | |
| MICHAEL JACKSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Allen J. Webster, Jr., Judge.  Affirmed.

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

This case has a long and complex procedural history, with several appeals and retrials. (*People v. Jackson* (Sept. 29, 2003, B160746 [nonpub. opn.] (*Jackson I*); *People v. Jackson* (Dec. 27, 2005, B177201 [nonpub. opn.], sub. opn. (Jun. 13, 2013, B177201 [nonpub. opn.] (*Jackson II*); *People v. Jackson* (Mar. 21, 2016, B259024) [nonpub. opn.] (*Jackson III*).)

Ultimately, defendant was convicted of two counts of robbery (Pen. Code, § 211), and two counts of false imprisonment (§ 236), with firearm and prior conviction enhancements (§§ 12022.53, 667). In defendant's final appeal from his judgment of conviction, *Jackson III*, we ordered that defendant's sentence should consist of a cumulative term of 40 years to life, consisting of 25 years to life for one of the robbery counts, 10 years for the associated firearm enhancement, and five years for the prior conviction enhancement. The sentence for his other robbery count, and associated enhancements, was to run concurrently. The sentences for false imprisonment, and the associated enhancements, were to be stayed pursuant to section 654. (*Jackson III, supra,* B259024.) The trial court issued a corrected abstract of judgment in May 2016, and remittitur for *Jackson III* issued on July 20, 2016.

On September 7, 2018 and October 10, 2018, the Department of Corrections and Rehabilitation wrote to the trial court, suggesting corrections to defendant's abstract of judgment, noting that his custody credits had not been properly calculated, and "case enhancements [pursuant to section 667] are attached once to the entire case and not to each individual count." The trial court issued amended abstracts of judgment on September 17, 2018 and November 15, 2018, in response to the letters, adjusting the custody credits, and ordering all but one of

2

the section 667 enhancements stayed. However, the overall sentence of 40 years to life remained unchanged.

On July 29, 2020, defendant filed a petition for writ of habeas corpus in the trial court, seeking to have the trial court strike or dismiss the Penal Code section 12022.53 firearm enhancements, in light of Senate Bill No. 620 (2017–2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2), effective January 1, 2018, as well as the section 667 prior offense enhancements, in light of Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1013, § 1), effective January 1, 2019. On December 22, 2020, the trial court dismissed the petition, finding that Senate Bill No. 620 was not retroactive. The trial court made no mention of Senate Bill No. 1393. Defendant filed a timely notice of appeal.

On appeal, we appointed counsel, who filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496. Counsel notified defendant he could file a supplemental brief with this court. Counsel also requested that this court take judicial notice of the trial court record, and the appellate record in *Jackson III*. We take judicial notice of the two letters from the Department of Corrections and Rehabilitation, but otherwise deny the request for judicial notice.

Defendant filed a supplemental brief with this court, arguing that because he was resentenced at the request of the Department of Corrections and Rehabilitation, his conviction was not yet final, and he can avail himself of both ameliorative statutes. We are not persuaded. It is well settled that statutory changes made by Senate Bill Nos. 620 and 1393 do not apply to cases where the judgment of conviction was final before the effective date. (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326; *People v. Stamps* (2020) 9 Cal.5th 685, 698–699.)

Defendant's appeal of his conviction concluded in July 2016, and defendant was not "resentenced" when the court corrected errors in the abstracts of judgment without holding a sentencing hearing. (*People v. Magana* (2021) 63 Cal.App.5th 1120, 1124–1125.) We find no arguable issues, and affirm the order below.

GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.

WILEY, J.