Filed 6/23/22  P. v. Wallace CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY LEROY WALLACE,<br><br>    Defendant and Appellant. | F083572<br><br>(Super. Ct. No. CF02671718)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Allen G. Weinberg, Esq., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A Canzoneri, Deputy Attorneys General for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Detjen, J. and Franson, J.

Defendant Anthony LeRoy Wallace was convicted by jury trial of felony vandalism. On appeal, he contends Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483) requires that his two prior prison term enhancements must be stricken and the matter remanded for resentencing. We agree with the People that defendant's appeal should be dismissed.

## BACKGROUND[1]

In October 2002, a jury found defendant guilty of felony vandalism (Pen. Code, § 594)[2] and found he had suffered two prior "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and had served two prior prison terms (§ 667.5, subd. (b)).

In April 2003, the trial court sentenced defendant to 25 years to life pursuant to the Three Strikes law, plus two consecutive one-year prior prison term enhancements. Remittitur issued on January 28, 2005.

Almost 16 years later, in January 2021, defendant filed a motion requesting modification of his sentence—specifically, the striking of the two prior prison term enhancements—under Senate Bill No. 136. Because defendant's judgment had been final for many years, the trial court denied the motion.

On November 17, 2021, defendant filed a notice of appeal from the trial court's denial of his motion.

## DISCUSSION

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) (Stats. 2019, ch. 590, § 1) to limit prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b); enhancements based on prison terms

---

[1]     The facts underlying the conviction are not relevant.

[2]     All statutory references are to the Penal Code unless otherwise noted.

served for other offenses became legally invalid. (§ 667.5, subd. (b).) Pursuant to *In re Estrada* (1965) 63 Cal.2d 740 at page 742, the amendment was to be applied retroactively to all cases not yet final on January 1, 2020. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342.)

Defendant's judgment was final many years before January 1, 2020, and thus the trial court properly denied his motion. It is from that denial that defendant appeals now.

" ' "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." [Citations.]' [Citation.] 'An order made after judgment affecting a defendant's substantial rights is appealable. (§ 1237, subd. (b).)' " (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) Because the trial court lacked jurisdiction to grant the relief requested in defendant's motion, the order denying the motion did not affect defendant's substantial rights as contemplated in section 1237, subdivision (b). (See *Hernandez*, at p. 326; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.) The order denying the motion to modify the sentence is thus not appealable, and the appeal must be dismissed. (See *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

Even if we were to entertain defendant's claim on the merits under the newly enacted Senate Bill 483, the claim would fail. Effective January 1, 2022, Senate Bill 483 added section 1171.1 (Stats. 2021, ch. 728, § 3), which extends the modifications brought about by Senate Bill 136 to judgments already final on appeal. (§ 1171.1, subd. (a).) But section 1171.1 also sets forth specific procedures for recall of the sentences and resentencing of all eligible persons who are in custody. (*Id.*, subds. (b)–(d).) It requires the Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county to identify and report to the sentencing court all defendants entitled to resentencing relief due to qualifying prior prison term enhancements. (*Id.*, subd. (b).) The sentencing courts are to verify the defendants' eligibility, recall their sentences, and resentence them. (*Id.*, subds. (c) & (d).)

3.

Section 1171.1 provides deadlines for compliance with its provisions.  Priority for relief must be given to those persons who have already served their base term as well as any other sentencing enhancements imposed and are currently serving the prior prison term enhancement.  (§ 1171.1, subds. (b) & (c).)  Review and resentencing for the priority group is to be completed by October 1, 2022; thereafter, review and resentencing for all other eligible persons will be undertaken and is to be completed by December 31, 2023.  (*Ibid*.)  This staggered schedule minimizes the impact on trial courts, while ensuring that those inmates who are currently serving time on the invalid enhancements are prioritized and provided relief first, so they do not lose the benefit of the ameliorative change in the law.

Defendant, who was sentenced in 2003 to 25 years to life plus two one-year prison prior term enhancements, is not eligible for priority in recall and resentencing.  He is, however, assured by the terms of the statute to be resentenced by December 31, 2023—well before he will begin to serve any time on account of the enhancements.  Thus, at this time, we would reject defendant's claim on the merits.  Defendant has already consumed scarce judicial resources by raising an unmeritorious motion in the trial court and then appealing its denial here.  He must wait his turn for relief under section 1171.1.

## DISPOSITION

The appeal is dismissed.

4.