Filed 11/18/22  P. v. Christon CA2/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MAKEITHA KEITH CHRISTON,<br><br>Defendant and Appellant. | B301998 (Consolidated with B306635)<br><br>(Los Angeles County Super. Ct. No. BA310312)<br><br>**OPINION ON REMAND** |


APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge, and petition for writ of habeas corpus.  Reversed and remanded.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Allison H. Chung, and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Makeitha Keith Christon (defendant) appeals the trial court's denial of his petition for relief under Penal Code[1] section 1172.6 (former section 1170.95).[2] We previously affirmed the court's order in an unpublished opinion, *People v. Christon* (Jan. 28, 2021, B301998), concluding that the record established defendant was ineligible for resentencing as a matter of law based on the true finding on the special circumstance allegation by the jury at trial. Upon review, the California Supreme Court transferred this case back to us to reconsider in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). We now reverse the court's order and remand the matter for the court to conduct an evidentiary hearing under section 1172.6.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

For the sake of simplicity, we will refer to the section by its new numbering only.

# FACTS AND PROCEDURAL BACKGROUND

## I. Facts[3]

### A. *The underlying crimes*

In September 2005, defendant noticed that a group of 20 men were playing a game of dice in a residential driveway and saw anywhere from $400 to $2,000 in the "pot." He walked up, asked if any of the players were "strapped" (that is, armed with a firearm), and the homeowner responded that no one had guns. Defendant walked away, and went to find someone else to help him "hit up the dice game." Davionne McDowell (McDowell) agreed. Defendant gave McDowell a gun and a plastic bag to carry away the money. While defendant was parked around the corner, McDowell approached the game, pulled out his gun, and demanded that the players "give up the cheese." When several of them ran, McDowell sprayed bullets at the fleeing men, three of whom were hit by bullets. One of the three—the homeowner— died from his wounds. McDowell ran back to defendant's car, and defendant drove him away. Defendant was a member of the Bloc Crips street gang.

### B. *Prosecution, conviction and appeal*

The People charged defendant with (1) the murder of the homeowner (§ 187, subd. (a)), (2) three counts of attempted premeditated murder, one for each of the men in the line of fire (§§ 187, subd. (a), 664), and (3) four counts of attempted second degree robbery (§§ 211, 664). The People alleged that the murder was a special circumstance murder—namely, that it was committed in the course of a robbery (§ 190.2, subd. (a)(17)),

---

[3] We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction. (*People v. Christon* (Oct. 4, 2013, B238761).)

3

which could be found true only if defendant was a major participant in the robbery and acted with reckless indifference to human life.  The People further alleged that all of the crimes were committed for the benefit of, and in association with, a criminal street gang (§ 186.22, subds. (b)(1)(A) & (b)(4)), and that a principal had discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (b)-(e)).

A jury convicted defendant of the above-charged counts and found true all of the allegations.

The trial court sentenced defendant to prison for life without the possibility of parole (for the murder) plus 25 years (for the firearm enhancement), and three consecutive life terms (for each of the attempted murders) plus 25 years (for the firearm enhancements); each sentence was consecutive to the others.  The court imposed three-year prison sentences for each of the second degree robbery charges but stayed the sentences under section 654.

Defendant appealed the judgment and we affirmed in an unpublished opinion.

## II.    Procedural Background

On January 23, 2019, defendant filed a petition seeking resentencing under section 1170.95, ultimately for his murder conviction and for the three attempted murder convictions.  The court appointed counsel for defendant, and ordered the parties to submit further briefing.  Following a hearing, the trial court denied defendant's petition because (1) he did not "establish a prima facie case for relief" under section 1172.6 because one of the elements of that prima facie case—namely, that he could not be convicted of first degree murder under the amended murder statute—was foreclosed by "the jury's finding that he was a major

4

participant who acted with reckless disregard for human life," and (2) section 1172.6 does not provide relief for attempted murder convictions.

As noted above, we affirmed,[4] but our Supreme Court vacated our prior opinion and has remanded the matter for us to reconsider in light of *Strong*.

## DISCUSSION

Defendant argues that the trial court erred in denying his section 1172.6 petition on the ground that the jury's prior special circumstance finding rendered him ineligible for relief under section 1172.6. Because this argument turns on questions of statutory construction and the application of law to undisputed facts, our review is de novo. (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

Section 1172.6 authorizes a defendant "convicted of felony murder or murder under the natural and probable consequences doctrine" to vacate his murder conviction if, as a threshold matter, he makes a "prima facie showing" of entitlement to relief. (§ 1172.6, subds. (a) & (c).) This, in turn, requires a showing that, among other things, he "could not presently be convicted of murder" under the amendments to the murder statutes that became effective on January 1, 2019. (*Id.*, subd. (a)(3).) These

---

4    Defendant filed a petition for a writ of habeas corpus concurrently with his appeal, in which he raised a challenge to the jury's special circumstance finding based on *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). (See In re MAKEITHA CHRISTON on Habeas Corpus, B306635 [petition].) Because he did not file such a petition with the trial court, we denied his habeas petition without prejudice to refiling before the trial court.

statutes, even as amended, still authorize a murder conviction based on murder committed by someone else in the course of a jointly committed felony as long as the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).)

In *Strong, supra,* 13 Cal.5th 698, our Supreme Court confronted the same basic facts present in this case. There, as here, the defendant's jury found true the special circumstance that he was a "major participant" who acted with "reckless indifference" to human life. There, as here, the jury's finding was made prior to the issuance of *Banks, supra,* 61 Cal.4th 788 and *Clark, supra,* 63 Cal.4th 522. There, as here, the defendant was seeking relief under section 1172.6 and the trial court had summarily denied him that relief on the ground that jury's pre-*Banks* and pre-*Clark* finding was binding. *Strong* held that this was wrong. *Strong* reasoned that *Banks* and *Clark* "substantially clarified"—and narrowed—the meaning of the terms "major participant" and "reckless indifference." (*Strong*, at p. 721.) As a result, *Strong* concluded, "[f]indings issued by a jury before *Banks* and *Clark*" are not preclusive and, more to the point "do not preclude a defendant from making out a prima facie case for relief." (*Id.* at pp. 710, 716-717.) *Strong* went on to hold that it was inappropriate for any court—trial or appellate—to evaluate whether substantial evidence supports the jury's pre-*Banks* and pre-*Clark* finding if that evidence is viewed through the narrowed *Banks* and *Clark* prisms. (*Id.* at pp. 719-720.) In sum, *Strong* held that a pre-*Banks* and pre-*Clark* special circumstance finding does not warrant summary denial of a section 1172.6 petition; instead, the matter must proceed to an evidentiary hearing. (*Id.* at p. 720.)

6

*Strong* disposes of the felony-murder portion of this appeal. Defendant's special circumstance finding was made prior to *Banks* and *Clark*, and thus cannot provide the basis for the summary denial of his petition. We also reverse as to the attempted murder convictions. Since this court's earlier decision, the Governor signed into law Senate Bill No. 775 (2021-2022 Reg. Sess.). Effective January 1, 2022, Senate Bill No. 775 amended section 1172.6 to include individuals like defendant convicted of attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch.551, § 2.) Defendant is therefore entitled to an evidentiary hearing on the murder and attempted murder convictions.

In supplemental briefing on remand from *Strong*, defendant expands the scope of his appeal by arguing that he is also entitled to have the firearm enhancement and gang enhancement portions of his sentence vacated. These arguments are premature. Although Senate Bill No. 620 (2017-2018 Reg. Sess., Stats. 2017, ch. 682, § 2, eff. Jan. 1, 2018) grants trial courts a newfound discretion to strike firearm enhancements, and although Assembly Bill No. 333 (2021-2022 Reg. Sess., Stats. 2021, ch. 699, § 3, eff. Jan 1, 2022) adds new requirements to the gang enhancement, neither of these changes applies retroactively to final convictions. (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326 [Senate Bill No. 620 inapplicable to final convictions]; cf. *People v. Ramos* (2022) 77 Cal.App.5th 1116, 1127 [Assembly Bill No. 333 applies to nonfinal convictions].) At this moment in time, defendant's convictions are final convictions. Under our Supreme Court's recent decision in *People v. Padilla* (2022) 13 Cal.5th 152, 158, a court order vacating a final conviction renders it "nonfinal," such that changes in the law applicable to nonfinal

convictions may be applied to any retrial and resentencing. All we have at this point in time in this case, however, is the pendency of a section 1172.6 petition that, in light of *Strong*, warrants an evidentiary hearing. Unless and until the trial court vacates one or more of defendant's convictions under section 1172.6 after the evidentiary hearing, those convictions are final and the changes in the law he cites are unavailable to him.

## DISPOSITION

The court's order denying defendant's petition for resentencing is reversed, and the matter is remanded for the court to conduct an evidentiary hearing regarding the murder and attempted murder convictions under section 1172.6.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ