Filed 4/18/23  P. v. Johnson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DOMINICK DEPAUL JOHNSON,<br><br>Defendant and Appellant. | C097164<br><br>(Super. Ct. No. STK-CR-FE-2016-0006117) |

Appointed counsel for defendant Dominick Depaul Johnson has asked this court to review the record and determine whether there are any arguable issues on appeal from the denial of his motion for modification of his sentence pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393).  (*People v. Wende* (1979) 25 Cal.3d 436.)  Because defendant has appealed from a nonappealable order, we will dismiss the appeal.

1

FACTUAL AND PROCEDURAL BACKGROUND

At two different convenience stores, defendant stole money and lottery tickets by force from two separate victims. The complaint charged defendant with two counts of robbery and two counts of battery with serious bodily injury. (Pen. Code, §§ 211, 243, subd. (d).)[1] It also alleged defendant had two prior serious felony convictions. (§§ 1170.12, subd. (b), 667, subds. (a), (d).)

In September 2016, defendant pleaded guilty to two counts of robbery and admitted two prior serious felony convictions. The trial court granted the prosecution's motion to dismiss the remaining charges.

On the same day, the trial court sentenced defendant to 21 years in state prison, which included two consecutive five-year terms for his prior convictions. The record contains no evidence that defendant appealed from that judgment.

In August 2022, defendant filed a motion for modification of his sentence pursuant to Senate Bill 1393. Defendant argued the equal protection clause required the application of Senate Bill 1393 to his case despite the fact his judgment was final. The trial court denied the motion without a hearing.

Defendant appealed the postjudgment order.

DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and conclude we must dismiss this appeal because it is from a nonappealable order.

---

[1]     Undesignated statutory references are to the Penal Code.

2

" ' "[A] judgment or order is not appealable unless expressly made so by statute." ' " (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.)  Section 1237, subdivision (b) makes appealable a trial court's postjudgment order if that order affects a defendant's substantial rights.  An order denying a motion the court lacks jurisdiction to grant does not affect a defendant's substantial rights.  (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.)  "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.'  [Citations.]  And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.'  [Citations.]" (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*).)

Here, the trial court sentenced defendant to prison in September 2016.  Because he did not appeal from the judgment, his conviction became final in December 2016.  (*In re Spencer* (1965) 63 Cal.2d 400, 405 [conviction final when "courts can no longer provide a remedy to a defendant on direct review"]; Cal. Rules of Court, rule 8.308(a) [defendant has 60 days to appeal].)  The trial court did not thereafter recall defendant's sentence within the statutorily available time of 120 days after committing defendant to prison (§ 1172.1, subd. (a)(1)), nor did he petition for resentencing pursuant to any applicable statutory scheme.  (§ 1172.6.)  The court therefore lacked jurisdiction to grant defendant's August 2022 motion for resentencing.[2]  (*People v. Hernandez, supra*, 34 Cal.App.5th at p. 326; *King, supra*, 77 Cal.App.5th at p. 634.)  The trial court's order denying that motion thus did not affect defendant's substantial rights.  (*People v. Turrin,*

---

[2]    In any event, equal protection does not constitutionally compel the retroactive application of Senate Bill 1393 to final convictions.  (*People v. Alexander* (2020) 45 Cal.App.5th 341, 347.)

*supra*, 176 Cal.App.4th at p. 1208.)  The appeal from that order therefore must be dismissed.  (*King*, at p. 634.)

DISPOSITION

The appeal is dismissed.


        KRAUSE        , J.


We concur:


      MAURO        , Acting P. J.


      MESIWALA     , J.