Filed 6/15/23  P. v. Washington CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>           Plaintiff and Respondent,<br><br>v.<br><br>ISAIAH N. WASHINGTON,<br><br>           Defendant and Appellant. | A166995<br><br><br><br>(Alameda County Super. Ct. No. H53084A) |

### MEMORANDUM OPINION[1]

Isaiah N. Washington appeals from an order denying his post-judgment motion to vacate a restitution fine and certain assessments.  His appointed counsel filed a brief raising no issues, but seeking our discretionary independent review of the record, pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, 230, 232.  We conclude the challenged order is not appealable and dismiss Washington's appeal.

In 2015, a jury convicted Washington of two counts of first degree murder (Pen. Code, § 187, subd. (a)),[2] one count of attempted murder (§§ 187, subd. (a), 664, subd. (a)), and one

---

[1] We resolve this appeal by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

[2] All undesignated statutory references are to the Penal Code.

count of possession of a firearm by a felon (former § 12021.1). For each count of murder, the jury found true the special circumstance that Washington committed the murder while engaged in the commission of robbery within the meaning of section 190.2, subdivision (a)(17)(A). The jury also found true the special circumstance allegation that Washington committed multiple murders within the meaning of section 190.2, subdivision (a)(3).

The trial court sentenced Washington to prison for two terms of life without the possibility of parole. The trial court also imposed a $10,000 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $120 criminal conviction assessment (Gov. Code, § 70373), and a $160 court operations assessment (Pen. Code, § 1465.8). On direct appeal, Washington did not challenge the imposed assessments or restitution fine and this Division affirmed the judgment against him. (*People v. Washington* (Nov. 9, 2018, A146433) [nonpub. opn.].)[3]

About four years later, Washington (acting in propria persona) filed a motion, which asked the trial court to vacate or reduce, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the restitution fine, court operations assessment, and conviction assessment. Washington argued that imposition of the restitution fine, conviction assessment, and court operations assessment violated due process because the trial court made no determination of his ability to pay. The trial court denied Washington's motion, concluding that, once the judgment was final, it lacked jurisdiction to reduce or vacate the restitution fine or assessments.

After Washington's appointed counsel filed a brief raising no issues, we informed Washington of his right to file a

---

[3] On our own motion, we take judicial notice of the record filed in Washington's direct appeal (A146433). (See Evid. Code §§ 452, subd. (d), 459, subd. (a).)

2

supplemental brief and that we would dismiss the appeal as abandoned if no letter or brief was filed. (See *People v. Delgadillo, supra*, 14 Cal.5th at pp. 231-232.) Washington submitted a letter in which he requested the appointment of new appellate counsel and argued that the restitution fine should be vacated because its imposition (despite his inability to pay) constitutes cruel and unusual punishment. We do not reach the merits of Washington's arguments because the order he appeals from is not appealable.

A criminal defendant has the statutory right to appeal "from a final judgment of conviction." (§ 1237, subd. (a).) A defendant may also appeal "[f]rom any order made after judgment, *affecting the substantial rights* of the party." (§ 1237, subd. (b), italics added.)

Generally, a trial court loses jurisdiction to modify or vacate a defendant's sentence after its execution begins. (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) Although there are exceptions to this rule, none of them apply here. (See *People v. Torres* (2020) 44 Cal.App.5th 1081, 1085, disapproved on another ground by *In re G.C.* (2020) 8 Cal.5th 1119, 1129-1130; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 327.)

Because the trial court lacked jurisdiction to reduce or vacate Washington's restitution fine and assessments years after the judgment had become final, the order denying his motion is not appealable pursuant to section 1237, subdivision (b). (*People v. Torres, supra,* 44 Cal.App.5th at pp. 1084-1085, 1088; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205-1208, disapproved on another ground by *In re G.C., supra,* 8 Cal.5th at pp. 1129-1130.) We must dismiss Washington's appeal.

## DISPOSITION

The appeal is dismissed.

3

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

SIMONS, J.

A166995