Filed 9/21/23  P. v. George CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KEENAN GEORGE,<br><br>Defendant and Appellant. | B323545<br><br>Los Angeles County<br>Super. Ct. No. BA282283 |

APPEAL from an order of the Superior Court of Los Angeles County, Shelly B. Torrealba, Judge.  Affirmed.

Karyn H. Bucar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Keenan George appeals the trial court's denial of his petition for resentencing.  He also argues he is entitled to

resentencing under Senate Bill No. 620 (SB 620) and Assembly Bill No. 333 (AB 333). We affirm and hold he is not entitled to resentencing under either SB 620 or AB 333. Statutory citations are to the Penal Code.

A jury convicted George of the attempted murder of Sandro Gutierrez. The jury found true allegations George had personally discharged a firearm resulting in great bodily injury and personally inflicted great bodily injury on Gutierrez. The jury also convicted George of assault with a firearm on a second victim, Christopher Alexander. The jury further found George committed both offenses for the benefit of, at the direction of, or in association with a criminal street gang. The trial court sentenced George to a term of 44 years to life. George appealed, and this court affirmed the judgment. (*People v. George* (Jul. 23, 2007, B187180 [nonpub. opn.].)

In May 2022, George filed a petition for resentencing under section 1172.6, previously section 1170.95. Section 1172.6 provides the mechanism by which defendants may seek the relief offered by Senate Bill No. 1437, effective January 1, 2019 (2017–2018 Reg. Sess.) (SB 1437). (*Ibid*.; § 1172.6.) SB 1437 narrowed the scope of murder liability of those persons who are not the actual killer and did not intend to kill. (*People v. Strong* (2022) 13 Cal.5th 698, 707-708.) Persons previously convicted who could not be convicted under these new laws, such as those convicted on theories of felony murder or the natural and probable consequences doctrine, may seek retroactive relief under section 1172.6. (§ 1172.6.) Upon the filing of a facially sufficient petition requesting appointment of counsel, a trial court must appoint counsel and hold a hearing to determine whether the petitioner has made a prima facie showing of eligibility for relief. (§ 1172.6,

subds. (b)(3) & (c).)  If the petitioner makes this showing, the court must hold an evidentiary hearing to determine whether relief is warranted.  (§ 1172.6, subd. (d).)

George's petition was facially sufficient and requested counsel.  Rather than appointing counsel, the trial court reviewed documents in the case file, including the information, the jury instructions, the abstracts of judgment, and our unpublished opinion affirming the judgment.  Based on this review, the trial court determined the jury had found George, the sole defendant, was the actual shooter and so was ineligible for relief under section 1172.6.  Accordingly, the trial court summarily denied the petition.

George filed a second petition in July 2022.  The trial court summarily denied this petition as well, noting it added nothing to the previous petition.

George appealed the denial of his first petition.

As the prosecutor concedes, the trial court erred in summarily denying the petitions without appointing counsel.  (See *People v. Lewis* (2021) 11 Cal.5th 952, 961-972 (*Lewis*).)  However, this does not result in automatic reversal as George urges.  We will reverse only if it is reasonably probable the defendant would have obtained a more favorable outcome had the error not occurred.  (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.)

George cannot show a different result was likely.  The trial court's analysis was correct.  (See *People v. Mancilla* (2021) 67 Cal.App.5th 854, 863-864 (*Mancilla*) [failure to appoint counsel is harmless error if jury convicted defendant under a valid theory].)  The jury found George had "a specific intent to kill unlawfully another human being."  (CALJIC No. 8.66.)  It also found George personally discharged the firearm causing great

3

bodily injury.  The trial court did not instruct the jury on theories of felony murder, the natural and probable consequences doctrine, or any other theory under which malice is imputed to a person based solely on that person's participation in a crime.  We grant the prosecutor's request for judicial notice of the jury instructions.  The jury convicted George under still-valid theories.  He is ineligible for relief under section 1172.6.

George argues there is evidence he may not have been the shooter.  This misunderstands our review under section 1172.6.  Petitioners are eligible for relief only if they were convicted under a theory that is no longer valid.  (*Mancilla*, *supra*, 67 Cal.App.5th at pp. 866-867.)  George identifies no theory like that.

The jury could not have voted as it did unless it were convinced George personally had fired the injuring gun.   (See *People v. Harden* (2022) 81 Cal.App.5th 45, 54-56.)  We reach this conclusion without weighing evidence or making credibility determinations.  (See *People v. Pickett* (2023) 93 Cal.App.5th 982, 990.)

George maintains he is entitled to resentencing under SB 620 and AB 333 because his judgment is not final, citing to *People v. Padilla* (2022) 13 Cal.5th 152.  In *Padilla*, the high court held that new laws reducing punishment should be applied in resentencing when a final conviction is vacated.  (*Id*. at pp. 161-163)  George's conviction has not been vacated.  His judgment remains final.  He is ineligible for relief under SB 620 and AB 333.  (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326 [SB 620 inapplicable to final convictions]; *People v. Ramos* (2022) 77 Cal.App.5th 1116, 1127 [AB 333 inapplicable to final convictions].)

4

## DISPOSITION

We affirm the order.

WILEY, J.

We concur:

STRATTON, P. J.

VIRAMONTES, J.