Filed 3/9/23  P. v. Alvarado CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080158 |
| v. | (Super.Ct.No. FSB1205411) |
| FELIPE EPIFANIO ALVARADO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Affirmed.

Felipe Epifanio Alvarado, in pro. per., and Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Felipe Epifanio Alvarado, filed a motion for modification of his sentence (Pen. Code, § 1170, subd. (d)),[1] which the court denied. After defendant filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of facts, a statement of the case, and identifying two potentially arguable issues: (1) whether the court erred in denying defendant's motion; and (2) whether the court's denial of defendant's motion is appealable.

Defendant was offered the opportunity to file a personal supplemental brief, which he has done. Defendant contends the trial court erred in admitting evidence of defendant's 2002 prior conviction, his trial counsel rendered prejudicial ineffective assistance of counsel, insufficient evidence supported the jury's true finding on the gang enhancement allegation, the court prejudicially failed to instruct the jury with CALCRIM No. 225, and defendant was deprived of due process by the trial court's failure to provide a fair trial due to the aforementioned errors. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We take judicial notice of the opinion in *People v. Alvarado* (Oct. 21, 2015, E061217) [nonpub. opn.] (*Alvarado*), from defendant's appeal from the judgment, which defendant cites and quotes at length in his supplemental brief. (Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.1115(b)(1).)

"Defendant . . . , a West Side Verdugo gang member, attacked a handyman in a convenience store, flashed his gang tattoos, and then robbed the cashier at knifepoint. A jury convicted defendant of second degree robbery and assault by means likely to produce great bodily injury (Pen. Code, §§ 211, 245, subd. (a)(4)), as charged in counts 1 and 2, and found true the allegations that both offenses were gang-related and the robbery involved personal use of a deadly or dangerous weapon. (§§ 186.22, subd. (b)(1), 12022, subd. (b)(1).)" (*Alvarado*, *supra*, E061217, fn. omitted.)

After a bifurcated proceeding on April 21, 2014, the court found defendant had suffered a prior strike conviction (§§ 667, subds. (a)-(i), 1170.12, subd. (a)) and a prior serious felony conviction (§ 667, subd. (a)(1)). "The court denied a motion to strike the prior conviction allegation and sentenced defendant to the upper term of five years, doubled to 10 years based on the strike prior, for the robbery conviction in count 1. The court enhanced that sentence by a consecutive term of 10 years for the gang finding plus one year for the weapon use finding, for a total term of 21 years for count 1. The court then imposed a consecutive term of one year, doubled to two, for the assault conviction in count 2, plus one additional year for the gang finding, for a term of three years overall for that count. The court then added a five-year term for the prior serious felony, for an aggregate term of 29 years." (*Alvarado*, *supra*, E061217.)

On appeal, defendant contended the court erred in allowing evidence of his 2002 conviction for assault with a firearm as a gang predicate, that there was ineffective assistance of counsel concerning the gang expert's testimony about defendant's state of mind, that insufficient evidence supported the gang enhancement, that the court erred in

3

failing to sua sponte instruct the jury with CALCRIM No. 225, and that there was prejudicial cumulative error. By opinion filed October 21, 2015, this court rejected defendant's claims of error and affirmed the judgment. (*Alvarado*, *supra*, E061217.)

On August 9, 2022, defendant filed a motion for modification of his sentence pursuant to section 1170. Defendant contended the trial court erred in admitting evidence of defendant's 2002 prior conviction, his trial counsel rendered prejudicial ineffective assistance of counsel, insufficient evidence supported the jury's true finding on the gang enhancement allegation, the court prejudicially failed to instruct the jury with CALCRIM No. 225, and defendant was deprived of due process by the trial court's failure to provide a fair trial due to the aforementioned errors.

The court indicated it had reviewed defendant's motion. Without appointing counsel or holding a hearing, the court denied defendant's motion.

## II. DISCUSSION

Defendant contends the trial court erred in admitting evidence of defendant's 2002 prior conviction, his trial counsel rendered prejudicial ineffective assistance of counsel, insufficient evidence supported the jury's true finding on the gang enhancement allegation, the court prejudicially failed to instruct the jury with CALCRIM No. 225, and defendant was deprived of due process by the trial court's failure to provide a fair trial due to the aforementioned errors. We affirm.

First, the court was without jurisdiction to grant defendant's motion. "'[O]nce a judgment is rendered, except for limited statutory exceptions [citations], the sentencing court is without jurisdiction to vacate or modify the sentence, except pursuant to the

4

provisions of section 1170, subdivision (d). [Citation.] Section 1170, subdivision (d), allows a sentencing court on its own motion to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison. [Citation.] Indeed, "the court loses 'own-motion' jurisdiction if it fails to recall a sentence within 120 days of the original commitment."'" (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.)

The trial court rendered defendant's judgment on May 19, 2014. Since defendant's judgment was final on January 19, 2016, when this court issued the remittitur in *Alvarado*, *supra*, E061217, the trial court lacked jurisdiction to grant the relief defendant requested. (*People v. Hernandez*, *supra,* 34 Cal.App.5th at pp. 325-326.)

Second, defendant is estopped from raising the same issues raised and rejected in his appeal from the judgment. "[A]ppellate court judgments establish the law that '"must be applied in the subsequent stages of the cause"'—i.e., the law of the case—'"and they are *res adjudicata* in *other* cases as to every matter adjudicated."'" (*People v. Barragan* (2004) 32 Cal.4th 236, 253.) A "'decision on a matter properly presented on a prior appeal becomes the law of the case even though it may not have been absolutely necessary to the determination of the question whether the judgment appealed from should be reversed. [Citations].' [Citation.] Thus, application of the law-of-the-case doctrine is appropriate where an issue presented and decided in the prior appeal, even if not essential to the appellate disposition, 'was proper as a guide to the court below on a new trial.'" (*People v. Boyer* (2006) 38 Cal.4th 412, 442.) The "'law-of-the-case doctrine binds the trial court as to the law but controls the outcome only if the evidence

5

on retrial or rehearing of an issue is substantially the same as that upon which the appellate ruling was based.'" (*Id*. at p. 443.) Here, because all the claims raised by defendant in the motion below and on appeal were raised in and rejected by this court in his appeal from the judgment, he is estopped from raising them again. (See *Alvarado*, *supra*, E061217.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.