Filed 8/4/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOHN VAESAU,<br><br>     Defendant and Appellant. | A165925<br><br>(City and County of San Francisco Super. Ct. No. SCN 143984) |

     In 1992, a jury convicted defendant John Vaesau of three counts of attempted murder and other crimes committed when he was a minor. The trial court sentenced him to two consecutive life terms, plus 14 years. Thirty years later, San Francisco's then-District Attorney, Chesa Boudin, filed a request to resentence Vaesau under former Penal Code[1] section 1170.03, now section 1172.1. That statute authorizes a trial court, "at any time upon the recommendation of . . . the district attorney of the county in which the defendant was sentenced," to recall the sentence and resentence a defendant convicted of a felony. (§ 1172.1, subd. (a)(1).)

     Within weeks of filing the resentencing request, Boudin was recalled, and the new District Attorney, Brooke Jenkins, moved to withdraw the request without offering a substantive reason for doing so. After briefing and

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

a hearing, the trial court granted the motion, thereby terminating the section 1172.1 proceeding. The court emphasized it was not ruling on the merits of whether resentencing was appropriate.

On appeal, Vaesau claims the district attorney lacked authority to rescind the resentencing request and the trial court violated section 1172.1 and his due process rights by failing to reach the merits of resentencing. We hold that a trial court has discretion, but is not required, to terminate a section 1172.1 proceeding when a district attorney identifies a legitimate basis for withdrawing the resentencing request and moves to withdraw before the court rules on the merits. Because the district attorney here did not offer any such reason, we vacate the order at issue and remand for reconsideration.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

The facts giving rise to Vaesau's convictions are not relevant to the appeal. Based on events that occurred in March 1991, Vaesau was charged with three counts of attempted premeditated murder and three counts of assault with a firearm, all six of which were accompanied by allegations of personal use of a firearm and personal infliction of great bodily injury.[2] Based on a May 1991 incident, he was also charged with one count of assault

---

[2] These charges were brought under sections 187 and 664 (attempted murder) and section 245, subdivision (a)(2) (assault with firearm). The accompanying allegations were made under sections 12022.5, subdivision (a) (firearm use), and 12022.7 (infliction of great bodily injury).

with a deadly weapon, and based on a December 1990 incident, he was charged with a misdemeanor count of escape from a juvenile facility.[3]

Vaesau, who was 16 years old at the time of the crimes, was tried as an adult. The jury found him guilty of all the charges and enhancements, except for the great-bodily-injury enhancements alleged in connection with two of the attempted-murder counts. In December 1992, the trial court sentenced him to two terms of life with the possibility of parole and a determinate term of 14 years in prison. He appealed, and this division affirmed the judgment, except it remanded for resentencing based on the trial court's failure to state its reasons for one of its sentencing choices. (*People v. Vaesau* (A060555, July 25, 1994) [nonpub. opn.].) On remand, the trial court imposed the same sentence.

On April 29, 2022, Boudin filed a "motion to resentence" Vaesau under former section 1170.03, "recommend[ing] that [the trial court] recall the sentence of life with possibility of parole." The trial court appointed a public defender to represent Vaesau, and the matter was set for hearing on July 15.

In June 2022, before the hearing took place, Boudin was recalled by San Francisco voters, and on July 8, Jenkins was sworn in as the new District Attorney.[4] (Smith, *Brooke Jenkins Sworn In As New DA After Recall of Chesa Boudin*, Bay City News, Inc. (July 8, 2022) available online at <https://www.sfgate.com/news/bayarea/article/Brooke-Jenkins-Sworn-In-As-New-Da-After-Recall-Of-17293648.php> [as of Aug. 4, 2023].) At the July 15

---

[3] These charges were brought under section 245, subdivision (a)(1) (assault with deadly weapon), and Welfare and Institutions Code section 871 (escape from juvenile facility).

[4] On our own motion, we take judicial notice of this election result and the date Jenkins took office. (Evid. Code, § 452, subd. (h); see *Edelstein v. City and County of San Francisco* (2002) 29 Cal.4th 164, 171, fn. 3 [taking judicial notice of election results].)

hearing, the appearing prosecutor sought to withdraw the request for resentencing, but she did not explain why.[5] The trial court said its "natural inclination" was that the district attorney could withdraw the request, since the court had not yet ruled upon it. Nonetheless, the court set another hearing and allowed Vaesau to brief the issue.

Vaesau submitted briefing in which he maintained that once the district attorney recommended resentencing, the trial court had jurisdiction and was required to follow section 1172.1's procedures, including giving him a hearing on the merits of resentencing. He argued that failing to provide the hearing would violate both section 1172.1 and due process.

Vaesau also took the position that the district attorney was not authorized to withdraw the recommendation, particularly without identifying "any rational basis" for doing so. He noted that "[t]he prosecution had ample reason to recommend release," pointing to the same prosecutor's arguments in favor of release at his January 2022 parole hearing. (Boldface omitted.) A transcript of that hearing shows the prosecutor appeared and argued there were several mitigating factors supporting release, including Vaesau's age and intoxication at the time of the crimes and his lack of family support. She also noted his personal evolution, remorse for the crimes, and lack of rule violations since 2016.

At the next hearing on July 21, 2022, it was revealed that the District Attorney's office had fired the prosecutor. The hearing was continued until August 11, at which time a new prosecutor appeared. That prosecutor reiterated the district attorney's desire to withdraw the resentencing request.

---

[5] The hearing's minute order states, "Due to recent changes in the law, the People move to withdraw the petition." Although the trial court noted that the resentencing request involved "a new area of the law," the prosecutor never identified any change in the law as a reason to withdraw the request.

4

She provided no substantive reason for the requested withdrawal, saying only that having "reviewed just the papers," she believed the request was "very thin on the record even to provide to the Court."

The trial court stated it was "convinced that [it was] within the ambit of [the district attorney's] discretion to withdraw the petition" for resentencing. Though acknowledging it was "a novel question," the court was not persuaded by Vaesau's position that "once you start the mechanism [under section 1172.1], you can't stop it."

The trial court also distinguished another recent case in which it was involved. There, the District Attorney's office sought resentencing, and the court recalled the sentence and transferred the matter to juvenile court to determine whether the defendant was fit for that court's jurisdiction. The day before the recall election, the district attorney sought to withdraw the resentencing request, and the juvenile court refused to allow the district attorney to do so. Vaesau's case, in contrast, was "at a much earlier stage" of the process, and the court decided it was appropriate to allow the district attorney to withdraw the request. The court emphasized that its ruling had "nothing to do with the merits of whether the sentence should or shouldn't be recalled" and stated it had not "made any decision on that."

## II.
### DISCUSSION

### A. *Recall and Resentencing Under Section 1172.1*

Section 1172.1 provides that "[w]hen a defendant, upon conviction of a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation or to the custody of the county correctional administrator pursuant to subdivision (h) of Section 1170, the [trial] court may, within 120 days of the date of commitment on its own motion, at any time upon the recommendation of the secretary or the Board

5

of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a)(1).)

A similar provision originally appeared in section 1170, former subdivision (d) (former section 1170(d)). "Former section 1170(d) provided 'an exception to the common law rule that the [trial] court loses resentencing jurisdiction once execution of sentence has begun.' " (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082 (*E.M.*), quoting *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 (*Dix*).) A request for resentencing under former section 1170(d) functioned as " ' "an invitation to the [trial] court to exercise its equitable jurisdiction," which "furnishe[d] the court with the jurisdiction it would not otherwise possess to recall or resentence." ' "[6] (*E.M.*, at p. 1082.) On receiving such a request, the court " 'ha[d] broad discretion whether to recall the existing sentence and resentence the incarcerated individual,' " and if it chose to do so, it could perform a full resentencing, except that it could not impose a greater sentence than the original one. (*Ibid.*)

---

[6] Former section 1170(d) originally authorized only the Secretary of the Department of Corrections and Rehabilitation (Secretary) or Board of Parole Hearings to request resentencing. District attorneys were added as potential recommending parties in 2019. (Assembly Bill No. 2942 (2017–2018 Reg. Sess.), Stats. 2018, ch. 1001, § 1.)

Effective January 1, 2022, Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Assembly Bill No. 1540) "moved the recall and resentencing provisions of former section 1170(d)(1) to new section 1170.03." (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038; Stats. 2021, ch. 719, § 3.) Section 1170.03 was later recodified without substantive change as section 1172.1. (Stats. 2022, ch. 58, § 9; *People v. Braggs* (2022) 85 Cal.App.5th 809, 818.) Assembly Bill No. 1540 "also clarified the Legislature's intent regarding procedural requirements" and "added a presumption in favor of recall and resentencing" when a request for resentencing is submitted. (*McMurray*, at p. 1038.)

Thus, section 1172.1 now requires a trial court to "state on the record the reasons for its decision to grant or deny recall and resentencing" and provides that "[r]esentencing shall not be denied . . . without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection." (§ 1172.1, subd. (a)(6), (8).) In addition, where, as here, "a resentencing request pursuant to subdivision (a) is from the Secretary . . . , the Board of Parole Hearings, a county correctional administrator, a district attorney, or the Attorney General[7], all of the following shall apply: [¶] (1) The court shall provide notice to the defendant and set a status conference within 30 days after the date that the court received the request. The court's order setting the conference shall also appoint counsel to represent the defendant. [¶] (2) There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds

---

[7] The five parties listed are the only parties that can recommend resentencing under section 1172.1, subdivision (a)(1). In other words, section 1172.1, subdivision (b), applies when proceedings under the statute are initiated by an outside recommendation, as opposed to when the trial court recalls the sentence on its own motion within 120 days of the commitment.

the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b).)

B. *The Order Granting the Motion to Withdraw the Resentencing Request Is Appealable.*

Initially, the Attorney General claims the order granting the district attorney's motion to withdraw the resentencing request was not appealable because "in the absence of a resentencing petition, [the trial court] no longer had jurisdiction" to resentence Vaesau. We are not persuaded.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order[,] or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).) Absent an appealable order, an appellate court lacks jurisdiction to consider an appeal. (*People v. Montellano* (2019) 39 Cal.App.5th 148, 153.) The question here is whether the appeal is permissible under section 1237, subdivision (b), which authorizes a criminal defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." We review this issue de novo. (*Kirk v. Ratner* (2022) 74 Cal.App.5th 1052, 1060.)

" 'A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b).' " (*E.M.*, *supra*, 85 Cal.App.5th at p. 1085.) Relying on this principle, the Attorney General claims that once the trial court allowed the district attorney to withdraw the resentencing request, the court "had no further jurisdiction to . . . consider on the merits whether [Vaesau] should be resentenced," and its order therefore did not affect Vaesau's substantial rights. Vaesau, on the other hand, claims the court "exercised its jurisdiction when it granted the . . . request to withdraw," and its "ruling was in essence a denial of an authorized resentencing petition" that did affect his substantial rights.

8

We take a somewhat different view than that of either party. To begin with, we agree with Vaesau that the trial court had jurisdiction to rule on the district attorney's motion to withdraw the resentencing request. Upon receiving a request from a proper party, the court had jurisdiction to resentence him. (See *E.M.*, *supra*, 85 Cal.App.5th at p. 1082; § 1172.1, subd. (a)(1).) Indeed, there is no dispute that, had the district attorney not withdrawn the resentencing request and the court had thereafter denied resentencing, that order would be appealable. (See *E.M.*, at pp. 1084–1085 [order denying request for resentencing was appealable even though Secretary subsequently withdrew request]; see also *Loper*, *supra*, 60 Cal.4th at p. 1158 [orders denying compassionate release under § 1170, former subd. (e), are appealable even though prisoners lack standing to request such relief themselves].) Thus, decisions cited by the Attorney General in which the trial court did not have jurisdiction to consider a defective request for resentencing are inapposite. (See, e.g., *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326 [defendant could not appeal from denial of his own request for resentencing under former § 1170(d) made after judgment was final]; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725 [same]; see also *Loper*, at pp. 1165–1166.)

Although the trial court had jurisdiction to rule on the district attorney's motion to withdraw the resentencing request, the question remains whether granting the motion and thereby terminating the section 1172.1 proceeding affected Vaesau's substantial rights. The answer is yes if the court had the ability to deny the motion and instead proceed with resentencing. As we explain in more detail below, the court had that ability. The order is therefore appealable.

C. *Trial Courts Have Discretion to Allow a District Attorney to Withdraw a Section 1172.1 Request Before Reaching the Merits of Whether Resentencing Is Warranted.*

We now turn to the central issue on appeal, the effect of the district attorney's withdrawal of the resentencing request. According to the Attorney General, the district attorney had the inherent power to rescind the request, at which point the trial court had to terminate the section 1172.1 proceeding. But according to Vaesau, the court was statutorily and constitutionally required to determine whether resentencing was appropriate even though the district attorney no longer supported resentencing. In other words, the Attorney General claims the court had no choice but to grant the withdrawal motion, and Vaesau claims the court had no choice but to deny it. The correct answer lies between these two extremes.

" ' " ' "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " ' [Citation.] ' "[W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute." ' " ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) "Where the statutory texts admits of more than one reasonable interpretation, we may also consider various extrinsic aids—including the legislative history—to the extent they are helpful in advancing the Legislature's purpose." (*People v. Rodriguez* (2016) 1 Cal.5th 676, 686.) If possible, we construe statutes "in a manner that avoids serious constitutional questions." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1373.) Finally, "[w]e must . . . avoid a construction that would produce absurd consequences,

10

which we presume the Legislature did not intend." (*People v. Mendoza* (2000) 23 Cal.4th 896, 908.)

### 1. *E.M.*

We begin with *E.M.*, in which the Sixth District Court of Appeal addressed the effect of the Secretary's withdrawal of a resentencing request. (*E.M.*, *supra*, 85 Cal.App.5th at p. 1083.) There, the Secretary originally recommended resentencing under former section 1170(d), "cit[ing] a recent legislative change to section 1385 that granted trial courts the discretion to dismiss a prior serious felony enhancement in furtherance of justice." (*E.M.*, at p. 1080.) The trial court declined to recall the sentence, based on the erroneous view that the ameliorative legislation did not apply to the defendant because his sentence was final. (*Id.* at pp. 1082, 1090.) While the defendant's appeal from the order denying resentencing was pending, and after the parties briefed the merits, the Secretary rescinded the recommendation. (*Id.* at p. 1083.)

*E.M.* held that "the Secretary's rescission . . . [did] not eliminate the trial court's jurisdiction to recall and resentence [the defendant] under section 1172.1 at this stage in the proceedings," meaning the appeal was not moot. (*E.M.*, *supra*, 85 Cal.App.5th at p. 1087.) After noting that section 1172.1's plain language did not address the Secretary's power to rescind a recommendation, the Sixth District determined that "the language of the statute is amenable to more than one reasonable interpretation." (*E.M.*, at p. 1083.) But the court found nothing in the legislative history shedding light on the issue, and it rejected the Attorney General's arguments that the Secretary has the "inherent[]" power to rescind a resentencing recommendation or that "the trial court does not have jurisdiction until it actually recalls the sentence." (*Id.* at pp. 1083–1084.) *E.M.* emphasized that

11

by enacting former section 1170(d), " 'the Legislature intended to retain, within the limits of determinate sentencing, the preexisting *judicial power* to recall and reconsider a sentence on individual grounds.' " (*E.M.*, at p. 1084, quoting *Dix*, *supra*, 53 Cal.3d at p. 458.)

Finally, *E.M.* concluded that public policy and separation-of-powers concerns did not justify permitting the Secretary to withdraw the resentencing request at such a late stage. (*E.M.*, *supra*, 85 Cal.App.5th at pp. 1085–1086.) The Attorney General asserted that "it would lead to absurd consequences" if the Secretary could not withdraw " 'mistaken[]' " recommendations, but the rescission letter at issue "did not assert any administrative mistake or improvidence[,] . . . cite any change in the circumstances of [the defendant's] incarceration[,] or offer any other objective explanation for why he would be less deserving of resentencing now." (*Id.* at p. 1085.) Moreover, section 1172.1 "expressly gave trial courts jurisdiction to resentence prisoners," and if anything, the separation of powers weighed against permitting the Secretary to withdraw the request after "the trial court had expressly ruled on it," the merits were fully briefed on appeal, and the appellate court was prepared to grant relief to the defendant. (*E.M.*, at pp. 1086–1087.) Although on remand the trial court could consider the rescission "as one factor in [its] analysis," the Secretary could not unilaterally halt the proceedings under section 1172.1. (*E.M.*, at p. 1087.)

*E.M.* left open the question of when, if ever, a resentencing request under section 1172.1 may be unilaterally withdrawn. The Sixth District expressly declined to "decide whether the Secretary has the power to rescind a recommendation soon after issuing it and where the trial court has not yet acted on it; where a subsequent change in the prisoner's circumstances may support rescission; or where the initial recommendation was erroneously

12

issued due to administrative improvidence." (*E.M.*, *supra*, 85 Cal.App.5th at pp. 1085–1086.)

> 2. A district attorney does not have an inherent power to withdraw a resentencing request before the trial court rules on the merits.

As *E.M.* observed, section 1172.1 does not explicitly address a recommending party's ability to withdraw its request for resentencing. (*E.M.*, *supra*, 85 Cal.App.5th at p. 1083.) Relying on *In re Fain* (1976) 65 Cal.App.3d 376, the Attorney General argues that "[t]he power to take an action includes the inherent power to reconsider that action," meaning the district attorney's power to request resentencing includes the absolute power to rescind the request. *E.M.* rejected the same argument, concluding that "*Fain* is inapposite" because that case addressed " 'purely administrative' " actions, which sentencing is not. (*E.M.*, at p. 1084.) The Attorney General does not explain why *E.M.* was incorrect or why we should nonetheless apply *Fain* here.

Nor are we persuaded by the Attorney General's claim that "the district attorney possesses the ordinary powers of a litigant in other actions," such as a civil plaintiff's right to voluntarily dismiss a case. The analogy fails, because section 1172.1 proceedings are not adversarial. A resentencing request does not initiate an action "against" the defendant, and dismissal of the request does not benefit the defendant. Similarly, a resentencing request is not akin to a motion, which the moving party is generally entitled to abandon. Rather, a request functions to renew the trial court's sentencing jurisdiction, and permitting the executive branch to unilaterally terminate

13

section 1172.1 proceedings would "intrude" into that jurisdiction, raising separation-of-powers concerns.[8] (*E.M.*, *supra*, 85 Cal.App.5th at p. 1085.)

The Attorney General also argues that district attorneys have the " '*right and duty* to examine and reexamine facts, existing or newly discovered,' which can, at times, result in a discretionary change of position." (Quoting *Leo v. Superior Court* (1986) 179 Cal.App.3d 274, 289.) This may be true in the exercise of the "prosecutorial function," such as that at issue in *Leo*, where the defendant challenged an order permitting the prosecution "to revise its initial decision not to seek the death penalty and to instead pursue the death penalty against [him]." (*Id.* at pp. 277, 289; see *Dix, supra*, 53 Cal.3d at p. 451 [noting prosecution's "sole discretion" to determine what punishment to seek].) Here, however, the decision to recommend resentencing is not a core prosecutorial function. To the contrary, it is one that correctional authorities may exercise as well, and one they were empowered to exercise well before the statute was amended to include district attorneys. Indeed, section 1172.1 does not differentiate between recommending parties in addressing the required procedures. In all cases, the primary discretionary power exercised under the statute is the trial court's, not the recommending party's.

In short, a district attorney's ability to request resentencing does not imply an unfettered authority to withdraw the request. Accordingly, and

_____

[8] For his part, Vaesau draws an analogy to criminal proceedings, in which the district attorney lacks the inherent authority to dismiss charges. Under sections 1385 and 1386, " 'the prosecutor may not unilaterally abandon a prosecution' " and " ' "can only recommend dismissal to the court. Dismissal is within the latter's exclusive discretion." ' " (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 491.) We need not address whether this comparison is sound, because we conclude for other reasons that a district attorney cannot unilaterally withdraw a resentencing request.

consistent with *E.M.*, we conclude that termination of a section 1172.1 proceeding is not *mandatory* if the district attorney no longer supports resentencing. In other words, the mere fact that the district attorney withdraws a request does not preclude a trial court from concluding that recall and resentencing is nonetheless appropriate. Rather, once a request is made, the court has jurisdiction to resentence the defendant if it chooses to do so. (See *E.M.*, *supra*, 85 Cal.App.5th at p. 1082.)

> 3. A trial court is not required to reach the merits every time a resentencing request is made.

Having rejected the Attorney General's position, we turn to Vaesau's. Vaesau claims that by permitting the district attorney to withdraw the resentencing request, the trial court violated two aspects of section 1172.1: the presumption in favor of resentencing when an outside party requests it, and the statute's hearing requirements. According to him, these provisions require a trial court to reach the merits of resentencing once a request is made. *E.M.* did not have occasion to address this issue, since in that case the Secretary rescinded the request only after the trial court had denied it on the merits. (See *E.M.*, *supra*, 85 Cal.App.5th at p. 1081.) We conclude that courts are not required to reach the merits of every resentencing request.

Vaesau first claims that permitting the district attorney to withdraw the resentencing request violated the provision that if resentencing is requested by an outside party, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety." (§ 1172.1, subd. (b)(2).) He argues that this provision establishes "that once [a] district attorney files a recommendation for recall and resentencing," the trial court *must* resentence the defendant unless it finds that the defendant poses the requisite risk.

15

We are not persuaded by this reading of section 1172.1, because it would preclude a trial court from denying a resentencing request without prejudice. In its normal legal sense, a presumption is an "inference or assumption that a fact exists because of the known or proven existence of some other fact," and "[m]ost presumptions are rules of evidence calling for a certain result in a given case unless . . . [they are] overcome[] . . . with other evidence." (Black's Law Dict. (11th ed. 2019) p. 1435.) Section 1172.1's presumption functions as such, dictating that if an outside party requests resentencing, recall and resentencing shall occur unless that result is overcome by proof that the defendant poses an unreasonable risk of danger to public safety. (§ 1172.1, subd. (b)(2).) In other words, the presumption affects the ultimate issue of whether resentencing is appropriate.

But there could be procedural reasons for a trial court to deny or dismiss a resentencing request before reaching the merits, such as if the request was submitted for the wrong defendant. In such situations, requiring a court to nonetheless determine whether the defendant posed an unreasonable risk of danger to public safety would be a pointless exercise. Indeed, a risk determination requires significant evidence, such as the defendant's prison record, yet a court would have to make the determination even if it lacked sufficient evidence to do so. The Legislature could not have intended such a result. (See *People v. Mendoza*, *supra*, 23 Cal.4th at p. 908.)

Our conclusion is consistent with other indicators of legislative intent. In passing Assembly Bill No. 1540, the Legislature found that the "law enforcement agencies [that can submit resentencing requests] devote significant time, analysis, and scrutiny to each referral that they make." (Stats. 2021, ch. 719, § 1, subd. (g).) The Legislature also expressed its "intent . . . for judges to recognize the scrutiny that has already been brought

16

to these referrals by the referring entity, and to ensure that each referral be granted the court's consideration by setting an initial status conference, recalling the sentence, and providing the opportunity for resentencing for every felony conviction referred by one of these entities." (*Id.*, § 1, subd. (h); see, e.g., Off. Of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1540, Sept. 3, 2021, p. 3 [bill will "honor the significant time, thought, and effort that law enforcement agencies put into referrals"]; Assem. Com. on Public Safety, Rep. on Assem. Bill No. 1540, as amended Apr. 22, 2021, p. 6 [presumption creates "fairly high bar" for denying resentencing because "these are cases which have already been vetted as being appropriate for recall and resentencing by . . . law enforcement agencies"].)

Contrary to Vaesau's claim otherwise, permitting a resentencing request to be withdrawn before the trial court reaches the merits is not "antithetical" to the legislative goal of giving the recommendation weight. As explained above, the statutory presumption affects the merits of resentencing, and it does not derogate from the recommending party's appraisal of the issue to terminate a section 1172.1 proceeding without prejudice. Indeed, where the resentencing request was erroneously made, permitting the recommending party to withdraw it respects that party's most up-to-date assessment. We tend to agree with the Attorney General that if resentencing requests were "irrevocable," it could discourage district attorneys and others from making such requests in the first place, which would thwart section 1172.1's overall purpose of reducing incarceration levels. (See Stats. 2021, ch. 719, § 1, subds. (a)–(e).)

Vaesau also argues that allowing the district attorney to withdraw the resentencing request violated section 1172.1's hearing requirements. Under subdivision (a)(8) of the statute, "[r]esentencing shall not be denied, nor a

stipulation [to resentencing without a hearing] rejected, without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection."  In addition, when a resentencing proceeding is initiated at an outside party's request, "[t]he [trial] court shall provide notice to the defendant and set a status conference within 30 days after the date that the court received the request."  (§ 1172.1, subd. (b)(1).)

We agree with the Attorney General that the trial court did not contravene these statutory requirements.  Assuming the court could even be said to have "denied" resentencing, the ruling was clearly without prejudice, and the court held a hearing at which the parties were able to address its basis for allowing the district attorney to withdraw the resentencing request. Furthermore, Vaesau received notice of the resentencing proceeding, and the court proceeded promptly in calendaring the matter.  To the extent he suggests that section 1172.1's hearing provisions require a hearing *on the merits* once a resentencing request is made, we reject the argument for the reasons we have discussed above.

Vaesau also argues that "[u]nder the rule of *casus omissus*, a matter that is not covered by a statute must be treated as not covered."  This canon of statutory interpretation, also known as the omitted-case canon, provides that "[n]othing is to be added to what the text states or reasonably implies." (Scalia & Garner, Reading Law:  The Interpretation of Legal Texts (2012) p. 93, boldface omitted.)  It is based on the principle "that it is not the proper function of the courts to supply legislative omissions from a statute in an attempt to make it conform to a presumed intention of the Legislature not expressed in the statutory language."  (*Cemetery Board v. Telophase Society of America* (1978) 87 Cal.App.3d 847, 858.)

18

The omitted-case canon does not mandate the conclusion that trial courts lack authority to deny or dismiss resentencing requests without prejudice. "Trial courts . . . possess a constitutionally conferred, inherent authority to 'create new forms of procedure' in the gaps left unaddressed by statutes and the rules of court.'" (*People v. Lujan* (2012) 211 Cal.App.4th 1499, 1507; *Weiss v. People ex rel. Dept. of Transportation* (2020) 9 Cal.5th 840, 857; see Code Civ. Proc., § 187.) Of course, as Vaesau notes, section 1172.1 does specify procedures to be followed when a trial court considers a resentencing request. But those procedures are not exhaustive, and the statute's failure to spell out every situation in which a court might validly terminate a proceeding without prejudice hardly suggests that courts are compelled to decide every single request on the merits.

To be sure, "courts must tread carefully when exercising their inherent authority to fashion new procedures. We may not sanction procedures of dubious constitutional validity. [Citation.] Nor may we bless procedural innovations inconsistent with the will of the Legislature or that usurp the Legislature's role by fundamentally altering criminal procedures." (*People v. Lujan*, *supra*, 211 Cal.App.4th at p. 1507; see *Weiss v. People ex rel. Dept. of Transportation*, *supra*, 9 Cal.5th at p. 857.) These limits do not prevent a trial court from dismissing a resentencing request without prejudice, but they do restrict the circumstances under which the court may permit a district attorney to withdraw such a request.

### 4. A district attorney must have a legitimate basis for withdrawing a resentencing request.

To summarize, a trial court may, but is not required to, allow a district attorney to withdraw a resentencing request before the court reaches the merits, thereby terminating a section 1172.1 proceeding without prejudice. Although this is a discretionary choice, it must be guided by section 1172.1's

19

objectives and the defendant's due process rights. In particular, the motion to withdraw the request must be based on a legitimate reason. Here, a remand for reconsideration is warranted, because it is unclear whether the trial court appreciated the full scope of its discretion to deny the district attorney's motion to withdraw—particularly given the district attorney's failure to explain the change in course.[9]

The district attorney offered almost no justification for withdrawing the resentencing request. The only point mentioned, other than the mere desire to do so, was the new prosecutor's statement that the resentencing request was "very thin on the record even to provide to the Court." It is not clear whether this statement referred to the request itself, which did not address why the district attorney recommended resentencing or include any supporting documentation, or to a general dearth of available information. But the request appears to have been based on a thorough evaluation of Vaesau's suitability for resentencing. As the parole-hearing transcript demonstrated, the original prosecutor was familiar with Vaesau's case, and she identified several reasons supporting his release. Jenkins, the new District Attorney, was entitled to reconsider the recommendation, but there is no evidence that any substantive reevaluation occurred. Indeed, she moved to withdraw the recommendation only a week after taking office.

Vaesau argues that permitting a district attorney "to withdraw its recommendation on a whim, or due to a change in the political winds, is not consistent with [Assembly Bill No. 1540's] purpose." We agree. The intent behind the presumption in favor of resentencing, to recognize "the significant

---

[9] As a result of this conclusion, we need not address Vaesau's argument that reversal is required because the district attorney violated principles of prosecutorial ethics.

20

time, analysis, and scrutiny" behind resentencing requests (Stats. 2021, ch. 719, § 1, subd. (g)), is thwarted if a district attorney is allowed to withdraw a request without justification. This legislative goal does not require a trial court to reach the merits of every resentencing request, but it does require a court to consider the basis for a motion to withdraw. As *E.M.* suggests, there could be a range of valid reasons to withdraw a request, such as "administrative mistake or improvidence," a change in the law, or a "change in the prisoner's circumstances" making the prisoner "less deserving of resentencing." (*E.M.*, *supra*, 85 Cal.App.5th at pp. 1085–1086.) But the legitimacy of the proffered reason must be considered on a case-by-case basis, and standing alone, it is insufficient that the district attorney no longer backs resentencing.

Due process concerns also support requiring a district attorney to offer a valid reason for deciding to withdraw a resentencing request. In *People v. Pillsbury* (2021) 69 Cal.App.5th 776, the Third District Court of Appeal held that defendants recommended for resentencing under former section 1170(d), like defendants recommended for compassionate release, have a " 'substantial interest in personal liberty' " that entitles them to due process in proceedings under the statute. (*Pillsbury*, at p. 790, quoting *Loper*, *supra*, 60 Cal.4th at p. 1161, fn. 3.) Although *Pillsbury*'s holding focused on the attendant procedural protections, which Assembly Bill No. 1540 later codified, due process generally "protects individuals from the arbitrary action of government." (*Pillsbury*, at p. 789, citing *Kentucky Dept. of Corrections v. Thompson* (1989) 490 U.S. 454, 460.) Moreover, the California Constitution requires "the appearance of fairness to those involved" in a proceeding. (*People v. Sanchez* (2017) 18 Cal.App.5th 727, 756.) Allowing a district attorney to withdraw a resentencing request without explanation, especially

under the political circumstances here, raises the specter of arbitrary action and does not carry the appearance of fairness.

The trial court correctly determined that it was not necessarily required to reach the merits of the resentencing request and it correctly made no determination that the district attorney had an absolute right to withdraw the request. Nonetheless, the court concluded that it was "within the ambit of [the district attorney's] discretion" to do so, even though the district attorney failed to explain why the motion to withdraw was justified. It may well be that on remand, the district attorney can offer a legitimate reason for the change in position, but no such reason is apparent from the record before us. Thus, we conclude that the court must revisit its discretionary decision to terminate the section 1172.1 proceeding.

III.
DISPOSITION

The August 11, 2022 order granting the district attorney's motion to withdraw the resentencing request is vacated. The matter is remanded for the trial court to reconsider whether to permit the district attorney to withdraw the request.

22

_____

Humes, P.J.


WE CONCUR:



_____

Banke, J.



_____

Bowen, J.*




     *Judge of the Superior Court of the County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*People v. Vaesau*  A165925


23

Trial Court: City and County of San Francisco Superior Court

Trial Judge: Bruce E. Chan

Counsel:

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Eric D. Share and Katie L. Stowe, Deputy Attorneys General, for Plaintiff and Respondent.

*People v. Vaesau*  A165925