Filed 5/30/25  P. v. Gonsalves CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSHUA STEPHEN GONSALVES,<br><br>    Defendant and Appellant. | F087857<br><br>(Super. Ct. No. CR-21-011193)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Martin Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench and Kelly E. LeBel, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 2022, defendant Joshua Stephen Gonsalves was convicted of multiple offenses and sentenced to 14 years 8 months in prison. In 2024, he filed a request for recall and resentencing pursuant to Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill No. 600) and Penal Code section 1172.1, alleging he was eligible for consideration of a new sentence, asserting section 1170.12 applied at the time of his sentencing and had changed. The court denied defendant's request for relief in a written order. Defendant now appeals from the trial court's order denying his request for relief pursuant to section 1172.1.

For the reasons stated herein, we dismiss the appeal for lack of jurisdiction.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2022, a jury convicted defendant of two counts of possessing a firearm as a felon (Pen. Code, § 29800, subd. (a)(1); counts I & II), two counts of possessing ammunition as a felon (§ 30305, subd. (a)(1); counts III & IV), acquiring or using identifying information with the intent to defraud (§ 530.5, subd. (c)(3); count V), possessing materials used to make counterfeit currency (§ 480, subd. (a); count VI), and possessing counterfeit currency (§ 476; count VII). After a bench trial, the court found true an allegation defendant suffered a prior strike conviction. On June 8, 2022, the trial court sentenced defendant to 14 years 8 months in prison—eight years (the upper term of four years, doubled) on count VI, consecutive terms of 16 months each (one-third the middle term, doubled) for counts I, II, III, V, and VII, and 16 months (one-third the middle term) on count IV was ordered to run concurrently with the sentence on count III.[1]

---

[1]The abstract of judgment reflected the term on count IV was ordered stayed pursuant to Penal Code section 654 though the court ordered it to run concurrently in the reporter's transcript.

Defendant appealed and the matter was returned to the trial court and set for further proceedings on February 26, 2024, after the remittitur issued. The court then modified the reporter's transcript from the original sentencing hearing to reflect the sentence on count IV was ordered stayed pursuant to Penal Code section 654.

On March 4, 2024, using a printed form, defendant requested recall and resentencing pursuant to Assembly Bill No. 600 and Penal Code section 1172.1. He cited section 1170.12 as a basis for relief, asserting he was eligible for consideration of a new sentence under Assembly Bill No. 600 and section 1172.1 because section 1170.12 applied at the time of his sentencing and had changed. Under a part titled "Reasons to Grant Relief," defendant asserted his current case is nonviolent and nonserious, and his prior strike was five years old. He stated he is housed in a California Department of Corrections and Rehabilitation (CDCR) state hospital for mental health, he was not given a mental evaluation before trial, and he was withdrawing from "fetinol" when they "offered [him] 6 years"; he "wasn't in [his] right state of mind." He asked the court to strike his strike conviction that resulted in his sentence being doubled, asserting he is on medication and has "certificates and proof of rehabilitation."

The court denied the request in a March 12, 2024, written order signed by the judge that states, in part, "The authority to recall a sentence under [Penal Code] section 1172.1[, subdivision] (a)(1) is vested with the court on its own motion, the Secretary of the CDCR or the Board of Parole hearings, the District Attorney or the Attorney General. [Section] 1172.1[, subdivision] (c) specifically states 'a defendant is not entitled to file a petition seeking relief from the court under this section.' [¶] The Petition is denied."

## DISCUSSION

Defendant appeals from the court's order denying his request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 and Penal Code section 1172.1. He contends the court had jurisdiction to rule on his request and remand is required because

the court failed to properly exercise its discretion.  For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

## I. Applicable Law

Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; accord, *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.)  "A lack of jurisdiction in its fundamental or strict sense results in '"an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties."'"  (*People v. Lara* (2010) 48 Cal.4th 216, 224.)  "'[F]undamental jurisdiction cannot be conferred by waiver, estoppel, or consent.  Rather, an act beyond a court's jurisdiction in the fundamental sense is null and void' *ab initio*."  (*Id.* at p. 225.)

To obtain resentencing on a final judgment, a defendant must file a petition for writ of habeas corpus (see *People v. Picklesimer* (2010) 48 Cal.4th 330, 339), or through an authorized special statutory procedure (e.g., Pen. Code, §§ 1170.18, 1170.91, 1172.1, 1172.2, 1172.6, 1172.7, 1172.75).  (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1118.)  Section 1172.1 (former § 1170, subd. (d)) provides an exception to the general rule that a trial court loses jurisdiction once execution of sentence has begun by authorizing a recall and resentencing procedure that may be invoked when, for example, the Secretary of the CDCR recommends resentencing.  (§ 1172.1, subd. (a)(1); *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.)

Assembly Bill No. 600 amended Penal Code section 1172.1 to allow a court to now resentence a defendant "on its own motion" when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.)  Accordingly, effective January 1, 2024, section 1172.1, subdivision (a) provides the court may, "*on its*

*own motion, … at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, …* recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (Italics added.)

Notably, Penal Code section 1172.1, subdivision (c) expressly states, "A defendant is not entitled to file a petition seeking relief from the court under this section." (§ 1172.1, subd. (c).)  Additionally:  "If a defendant requests consideration for relief under this section, the court is not required to respond."  (*Ibid*.)

## II.     Analysis

Defendant argues that because he "averred in his request that the law affecting his sentence had changed, the trial court had jurisdiction to consider his request."  He contends he "therefore retains the right to appeal from the trial court's denial of his request for the court to recall his sentence and resentence him on its own motion," citing *People v. Loper* (2015) 60 Cal.4th 1155 in support of his contention.  Defendant contends the matter should be remanded because it "was likely" the court's decision was "based on the incorrect assumption … the court lacked jurisdiction and had no discretion to consider a *request* made by a defendant under" Penal Code section 1172.1.  He also contends the record is ambiguous "as to whether the trial court properly understood its statutory obligation to exercise discretion," so remand is appropriate.  The People contend the court lacked jurisdiction to resentence defendant, noting defendant did not point to any change in the sentencing law that would allow the court to recall and resentence him under section 1172.1.  On reply, defendant concedes he did not state how any changes in the law might benefit him but, he argues, the court had jurisdiction to at

least consider his request and, in failing to do so, it abused its discretion. We conclude the appeal must be dismissed because the order upon which it is based is not appealable.

"""It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." [Citations.]'" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Penal Code section 1237, subdivision (b) "provides that a defendant may appeal from 'any order made after judgment, affecting the substantial rights of the party.'" (*Teal v. Superior Court*, at p. 598.)

Penal Code section 1172.1 does not address whether a trial court's denial of a defendant's request for recall and resentencing under the section is appealable. However, section 1172.1, subdivision (c) expressly provides that the court has no duty to respond to a defendant's request that it initiate recall and resentencing proceedings on its own motion. Thus, it necessarily follows that the defendant has no "right" to such relief under the plain language of the statute, and an order denying such relief cannot be said to affect the defendant's substantial rights. Accordingly, defendant has no right to appeal from the court's order and the appeal must be dismissed for lack of jurisdiction.

Given our conclusion that defendant's appeal must be dismissed for lack of jurisdiction, we deem it unnecessary to consider his other contentions.

## DISPOSITION

The appeal is dismissed.

PEÑA, J.

WE CONCUR:

HILL, P. J.

SNAUFFER, J.

6.